IN THE CIRCUIT COURT OF THE
9th JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

CASE NO.:

DEANA SIGLER,

Plaintiff,

v.

TARGET CORPORATION, and
JANE DOE, a yet-to-be-identified individual,
Defendants.
_______________________________________/

## COMPLAINT

Plaintiff, DEANA SIGLER, by and through the undersigned attorneys, sues Defendants, TARGET CORPORATION and JANE DOE, and alleges:

### JURISDICTION AND VENUE

1. This is an action for damages that exceeds fifty thousand dollars ($50,000.01), exclusive of fees and costs. (The estimated value of Plaintiffs claim is in excess of the minimum jurisdictional threshold required by this Court).

2. Venue is proper in this Court as the incident giving rise to this action occurred in Orange County, Florida and Defendant, TARGET CORPORATION at all times material times hereto, conducted operations within Orange County, Florida

### PARTIES

3. Plaintiff, DEANA SIGLER (hereinafter referred to as "SIGLER") is at all times material a resident of New Jersey and is *sui juris*.

4. At all times material, Defendant, TARGET CORPORATION (hereinafter referred to as ("TARGET"), a foreign for-profit corporation, was licensed and conducting business within the State of Florida.

5. Defendant, JANE DOE, is a yet-to-be-identified individual that, based on information and belief, is a resident of Orange County, Florida, and *sui juri.* DOE was an employee and/or agent of TARGET and acted as a manager of the Store.

**GENERAL ALLEGATIONS**

6. Defendant, TARGET, at all material times hereto, was the owner and in possession and/or control of that certain property located at 4750 Millenia Plaza Way, Orlando, Orange County, Florida (hereinafter "Premises"), open to invitees and/or guests, including Plaintiff.

7. Defendant, TARGET owed Plaintiff a non-delegable duty to maintain the Premises in a reasonably safe condition.

8. Defendant, TARGET, failed to maintain safe and clean floors on its Premises and allowed an accumulation of liquid and/or other slick, slippery substance, and/or some other transitory foreign substance to be on the floor of the aisle or walkway in the above-aforementioned establishment for unreasonable time and/or without warning customers of the substance on the floor even after learning of the substance on the floor.

9. At all times material hereto and unbeknownst to Plaintiff, the above-identified Premises was in a wet and dangerous condition for members of the public, including Plaintiff.

10. On or about March 14, 2024, Plaintiff was shopping at the Premises when she slipped and fell on a wet, slick, and slippery condition and sustained serious bodily injuries.

**COUNT I – NEGLIGENCE AGAINST DEFENDANT, JANE DOE**

11. Plaintiff reavers paragraphs 1 through 10 as if alleged herein.

12. At all times material, DOE was an employee or agent of TARGET assigned to work at the Premises and had managerial duties for TARGET and the Premises.

13. DOE was directly and personally responsible for carrying out certain functions for the Store, including, but not limited to, making sure that the walkway and aisles of the Premises were free from any water and/or other slick, slippery substance and/or other transitory foreign substance.

14. DOE was directly and personally responsible for enforcing the policy and procedures of routine inspections or other affirmative acts to keep the premises walkways, aisles, and thoroughfares free from any liquid and/or other slick, slippery substance, and/or other transitory foreign substance.

15. DOE was directly and personally responsible for enforcing the policy and procedures of warning all customers, including Plaintiff, of liquid and/or other slick, slippery substances and/or other transitory foreign substances that were on the floor.

16. At all times material, DOE owed the TARGET's customers, including Plaintiff, a duty to use ordinary care and diligence to maintain the Premises in a condition reasonably safe for its intended use and free from all defects and conditions which would render it dangerous and unsafe for Plaintiff, or creating of hazardous and/or dangerous conditions in the walkways and aisles of the premise

17. DOE breached that duty by creating and or allowing a hazardous and/or dangerous condition to exist in the Premises walkway and aisles, while Plaintiff was accessing it,

by way of a wet, slick, slippery substance being on the floor, which created a foreseeable risk of slip and fall events.

18. DOE further breached that duty by not conducting regular inspections or other affirmative acts in TARGET's walkways and aisles so that customers, like Plaintiff, could traverse through them without slipping on a wet and slippery substance in their path.

19. DOE further breached that duty by not warning or placing warning signs in a position that Plaintiff would know that there is a wet and slippery area on the floor of the Premises.

20. As a direct, foreseeable, and proximate result of DOE's personal and direct negligence, Plaintiff slipped-and-fell, was harmed, and suffered losses and damages, including: bodily injury, physical impairment, handicap, aggravation of a previously existing condition or activation of a latent disease or condition, suffered physical, mental, and/or emotional pain and suffering, disfigurement, inconvenience, embarrassment, humiliation, and/or the loss of ability to enjoy life.

21. As another direct, foreseeable, and proximate result of DOE's personal and direct negligence, Plaintiff incurred medical expenses for treatment in the past, and it is reasonably certain that he will incur medical expenses for related treatment in the future.

22. Plaintiff's injuries are permanent and continuing in nature and she will continue to incur damages in the future.

WHEREFORE, Plaintiff, DEANA SIGLER, demands judgment in excess of $50,001.00 against Defendant, JANE DOE, plus costs, and demands a trial by jury on all issues so triable.

**COUNT II –PREMISES LIABILITY AGAINST DEFENDANT, TARGET CORPORATION**

23. Plaintiffs reaver and reallege paragraphs 1 through 10 as if alleged herein.

24. At said time and place, Defendant, TARGET, owed non-delegable duties to Plaintiff and other invitees and persons lawfully on the property to keep and maintain the Premises in a reasonably safe condition.

25. Notwithstanding the aforesaid duties owed to Plaintiff, TARGET breached its duties to Plaintiff by reason of the following separate and cumulative acts and omissions:

a. Negligently failing to maintain or adequately maintain the walkways and aisles of the Premises, thus creating a hazard and unreasonably dangerous condition for members of the public utilizing said premises, including Plaintiff;

b. Negligently creating a slip hazard to members of the public utilizing said Premises, including Plaintiff, thus creating an unreasonably dangerous condition for Plaintiff;

c. Negligently failing to inspect or adequately inspect the walkway and aisles of the Premises, as specified above, to ascertain whether the walkway and aisles of the Premises, which was poorly maintained, constituted a hazard to individuals and invitees utilizing said area, including Plaintiff, thus creating an unreasonably dangerous condition for Plaintiff;

d. Negligently failing to warn or adequately warn Plaintiff of the danger of the walkway and aisles of the Premises when TARGET knew or through the exercise of reasonable care should have known that said Premises walkway and thoroughfare was unreasonably dangerous and that Plaintiff was unaware of same;

e. Negligently failing to correct and/or adequately correct the unreasonably dangerous condition when said condition was either known to TARGET or had existed for a sufficient length of time such that TARGET should have known of same had TARGET exercised reasonable care; and

26. As a direct and proximate result of the breach of the aforesaid duties and negligence by TARGET, Plaintiff, who was lawfully on said Premises as an invitee and/or guest, suddenly and without warning, slipped on a liquid substance and shattered glass bottle on the floor maintained by TARGET, which caused the Plaintiff to fall and sustain serious bodily injuries.

27. As a direct and proximate result of the breach of the aforesaid duties and negligence by TARGET, Plaintiff, who was lawfully on said Premises as an invitee and/or guest, suffered serious bodily injury and resulting pain and suffering, disability, scarring, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and expenses of hospitalization, medical, nursing and other health care treatment, loss of earning, and loss of her capacity to earn. These injuries are either permanent or continuing, and Plaintiff will suffer these losses and impairment in the future.

WHEREFORE, Plaintiff, DEANA SIGLER, sues and demands judgment for damages against Defendant, TARGET CORPORATION, including costs of this action, trial by jury of all issues so triable, and for such other relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, DEANA SIGLER, hereby demands trial by jury on all issues so triable as a matter of right.

**RESPECTFULLY** submitted this 27th day of January, 2025.

*/s/Jaci Mattocks*________
Christopher Schirmer, Esquire
Bar No.: 114461
Jaci Mattocks, Esquire
Bar No.: 115765
Attorneys for Plaintiff
Schirmer Law LLC
888 SE 3rd Avenue, Suite 300
Fort Lauderdale, FL 33316
Primary Email: eservice@schirmerlaw.com
Secondary: jmattocks@schirmerlaw.com

*/s/ Dominic L. Scheer*_______
Dominic L. Scheer, Esq.
FBN #: 1022250
**SCHEER LEGAL**
501 East Las Olas Blvd.
Suite 300
Fort Lauderdale, Florida 33301
(305) 699-2161
dom@scheerlegal.com
Co-Counsel for Plaintiff